IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| NADIA ZAHMOUL, an individual,<br><br>   Plaintiff,<br><br>vs.<br><br>NBH BANK, d/b/a Bank of Jackson Hole, a division of NBH Bank,<br><br>   Defendant. | Case No.: 2:22-cv-00221-ABJ |

## PROTECTIVE ORDER

This Protective Order ("Order") is entered into between and among all of the parties and is approved and entered by the Court. The parties sought entry of this Order because they recognize that certain documents that may be discoverable contain sensitive, non-public, personal, and/or proprietary information, including information that is subject to confidentiality agreements. The Court agrees and hereby orders as follows:

1. This Order shall apply to all documents, materials, and information, including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed by any party in this action to any other party or parties, pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, or as otherwise provided as part of this case.

2. <u>Privacy of Nonpublic Personal Information of Consumers</u>. Each of the parties recognizes that NBH Bank, d/b/a Bank of Jackson Hole, a division of NBH Bank ("BOJH") is bound by the Gramm-Leach-Bliley Act and any applicable regulations promulgated thereunder. The party receiving any category of materials described herein, whether produced in this action prior to or after the entry of this Order, will treat as "Designated Confidential Information" (as

1

defined below) any Nonpublic Personal Information provided by BOJH. "Nonpublic Personal Information" means personally identifiable financial information (i) provided to BOJH by a consumer or customer (as each of those terms are defined in Title V of the Gramm-Leach-Bliley Act and its implementing regulations), (ii) resulting from any transaction between BOJH and a consumer or any service performed by BOJH for a consumer, or (iii) otherwise obtained by BOJH about the consumer. The party receiving Nonpublic Personal Information will immediately disclose to BOJH any and all breaches in security that may materially affect BOJH's customers.

In the event BOJH will not or cannot produce Nonpublic Personal Information subject to the protection provided for "Designated Confidential Information" by this Order, BOJH may redact or alter such information, provided that BOJH discloses in advance to the party to whom the information is disclosed the categories of information so redacted or altered, the general manner or method by which any such information is redacted or altered, and the basis for the redaction or alteration. If the party to whom the information is disclosed objects to such redaction or alteration, the procedures set forth below shall apply. The disclosing party shall have the burden of establishing the appropriateness of its redactions or alterations. The material shall remain redacted or altered until the Court rules otherwise.

3. <u>Designated Confidential Information</u>. Any party or non-party may designate any information such party or non-party in good faith believes contains sensitive, non-public information as confidential under the terms of this Order as follows:

a. In the event either (i) the production of documents or things or (ii) the written discovery responses contain confidential information, the party or non-party asserting that the information is confidential shall cause each document, thing, or response, or the appropriate portion(s) thereof, containing such information to be labeled as "CONFIDENTIAL" or

"CONFIDENTIAL – Subject to Protective Order" in such a manner as to be obvious to the reasonable examiner before any such document, thing, or response is produced.

        b.        The parties recognize that it may be necessary to produce documents and electronic files that contain Designated Confidential Information but, given the electronic nature of the data, that it may not be possible or reasonably feasible to affix a physical "CONFIDENTIAL" designation on the documents or electronic files.  In these instances, prior to transferring the documents and/or electronic files or otherwise making them available, the party disclosing such documents and/or electronic files may provide written notice, which may be via email, to the party to whom the documents and/or electronic files are to be disclosed stating that the documents and/or electronic files contain Designated Confidential Information.  The party in receipt shall then treat the material as Designated Confidential Information as if it contained a physically affixed "CONFIDENTIAL" or "CONFIDENTIAL – Subject to Protective Order" designation.

        c.        In the event of any deposition or court proceeding that includes testimony or discussion about confidential information, the party or non-party desiring such testimony or discussion to be protected shall either (i) make a statement on the record delineating exactly which portion of the testimony or discussion is confidential and subject to this Order or (ii) label the transcript of any such proceeding as "CONFIDENTIAL" or "CONFIDENTIAL – Subject to Protective Order" in such a manner as to be obvious to the reasonable examiner and circulate labeled copies to all parties within thirty (30) days after receipt of the transcript.

        d.        In the event that a party or non-party wishes to designate information as Designated Confidential Information and subject to this Order after such information has been produced or more than thirty (30) days after receipt of any transcript containing such information,

that party or non-party shall circulate to the other parties written notification of the proposed designation. If no other party objects in writing to the confidential designation pursuant to paragraph 4 below, the information will be treated as if it was timely designed as confidential and subject to this Order pursuant to paragraph 3a or 3c above. Nothing in this Order shall prevent any party or non-party from designating as Confidential information that was produced in this action prior to the entry of this Order so long as the party or non-party provides reasonable notice to the parties of such designation following the entry of this Order.

      e.    "Designated Confidential Information" means any document, thing, response, or transcript or portion(s) thereof that has been designated as being confidential as described in paragraph 3a above. Designated Confidential Information shall not, without the consent of the party producing it or further Order of the Court, be disclosed, *except that* such information may be disclosed to:

    i.    the parties to this action, including an employees of a party to whom disclosure is reasonably necessary for this action;

    ii.    counsel retained specifically for this action who have appeared in this action on behalf of a party or who are employed by the law firm which has appeared on behalf of that party, including any paralegal, clerical or other assistants employed by such counsel and assigned specifically to work on this action;

    iii.    as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

    iv.    any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in

        connection with this action, provided such person has first executed an Agreement of Confidentiality in the form annexed hereto as **Exhibit A**;

   v.    stenographic reporters and video technicians who are engaged in proceedings necessarily incident to the conduct of this action;

   vi.    independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

   vii.    during their depositions, witnesses and attorneys for witnesses in the action to whom disclosure is reasonably necessary, provided that if such a witness is a non-party to this action, that the non-party witness and their attorney first execute an Agreement of Confidentiality;

   viii.    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the parties to this action;

   ix.    all personnel employed by any insurance company, that may be liable to satisfy all or part of a possible judgment in the action, and who is/are actively involved in the defense or settlement of this action;

   x.    the Court and its employees; and

   xi.    other persons by written agreement of the parties.

4.    <u>Dispute as to Confidentiality</u>. Any party may object to any confidential designation by giving written notice at any time to counsel for the party or non-party which has designated the information as confidential that specifically identifies (by Bates or similar identifying numbers, if

5

available, or by page number, if referring to a transcript) what document, thing, response, or transcript or portion(s) thereof allegedly should not be granted status as Designated Confidential Information.  If the parties and, to the extent a non-party made the designation, non-party, are then unable to resolve the objection, the party contesting the designation may move the Court within ten (10) days of the written notice setting forth the objection for an order striking the confidential designation.  Absent agreement of the designating party or non-party, the information that is subject to the objection shall continue to be Designated Confidential Information under the terms of this Order unless and until the Court rules otherwise.

      5.      <u>Access to Designated Confidential Information</u>.  Before or immediately after access is permitted to any Designated Confidential Information or the information contained therein is disclosed by any person subject to this Order to any person not already subject to this Order or by execution of an Agreement of Confidentiality (for example, independent consultants or experts retained by counsel or a party), the person permitting access to or disclosing information in the Designated Confidential Information shall: (i) advise such person that, pursuant to this Order, such information may be used only in connection with this case and shall not be disclosed to any other person for any other purpose or in any other contemplated or actual litigation, (ii) furnish the person receiving such Designated Confidential Information with a copy of this Order, and (iii) obtain from the person receiving such Designated Confidential Information a signed Agreement of Confidentiality, which is attached to and incorporated in this Order.  If, however, the only access permitted to the Designated Confidential Information is during the person's testimony at a deposition, a hearing, or trial of this case, the examining party may disclose Designated Confidential Information to such witness along with the admonishment that the information is not to be used or disclosed by the witness ((i) above), but without providing a copy

of this Order or obtaining a signed Agreement of Confidentiality ((ii) or (iii) above).  Such a witness is not to use or disclose the Designated Confidential Information after the testimony.

It shall be the responsibility of counsel for each party to take all reasonable and necessary precautions to ensure that the terms of this Order are met and abided by at all times; and counsel shall maintain a list of all persons to whom they disclose Designated Confidential Information and shall retain the signed Agreement of Confidentiality for each such person.

6. <u>Designated Confidential Information to be Filed with the Court</u>.  Subject to further orders of the Court, counsel will not be prohibited by this Order from placing any information Designated Confidential Information on the record in this case; provided, however, that unless and until counsel agree otherwise or until an Order from the Court directs otherwise, all Designated Confidential Information and all portions of pleadings, motions, papers, memoranda, briefs, affidavits, transcripts, exhibits or other papers that summarize or otherwise disclose the protected information contained therein, which are presented to the Court or filed with the Clerk of the Court, shall be redacted.  If the filing party believes it is necessary for the Court to view the Designated Confidential Information (and, thus, redaction is impractical) then the filing party shall file a Motion to Restrict Access requesting a narrow order restricting public access.  The Court will only grant a narrow Motion to Restrict Access upon a showing of good cause that the Designated Confidential Information is truly the type of sensitive information that warrants such restriction.

7. <u>Protection of Designated Confidential Information</u>.  Designated Confidential Information and any notes, summaries, memoranda, exhibits, other documents, recordation or compilations of such confidential information may be revealed only as provided for in paragraph 3 above and each such person shall maintain the confidentiality of all such Designated Confidential Information.  No copies, summaries, abstracts, memoranda or compilations of Designated

Confidential Information may be made available for disclosure, distribution or use except as described in paragraph 3 above. In the event that any party is requested in any way to disclose any Designated Confidential Information outside of this litigation, whether by subpoena or discovery request in other litigation or otherwise, that party shall (a) promptly notify the party or parties which designated the information as confidential allowing them the opportunity to object to any production or disclosure, and (b) refuse to comply with any such request, unless and until it either obtains a waiver from the designating party as described in paragraph 10 below or is served with a court order commanding compliance.

8.     <u>Redaction of Non-Relevant Business and Client Information</u>.  If documents are produced by a party in this matter that contain information that is not relevant to the issues in this litigation ("Non-Relevant Information") and the information is confidential, sensitive, or proprietary in nature to the party, its business, or a third-party, then the producing party may elect to redact the Non-Relevant Information prior to producing the document to the adverse party.  The option to redact Non-Relevant Information as provided in this paragraph is intended to promote the disclosure of documents that may contain relevant and responsive information to the underlying litigation, while protecting the confidentiality of other sensitive and non-relevant information that may also be contained in those documents.  Examples of information that may be redacted pursuant to this paragraph include, but are not necessarily limited to, spreadsheets, reports, e-mails, and other documents that include information about a party's clients, customers, vendors, employees, or other relationships that are unrelated to the underlying litigation.

a.     Any party may object to any redaction by giving written notice at any time to counsel for the party or non-party which has redacted information by specifically identifying (by Bates or similar identifying numbers, if available) what document, thing, response, or

8

transcript or portion(s) thereof allegedly should not be redacted.  If the parties and, to the extent a non-party made the redaction, the non-party, are then unable to resolve the objection, the party contesting the redaction move the Court within ten (10) days of the written notice setting forth the objection for an order striking the redaction.  Absent agreement of the redacting party or non-party, the information that is subject to the objection shall continue to be redacted under the terms of this Order unless and until the Court rules otherwise.

9. <u>Privileged Documents and Information</u>.  The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privilege and/or protected information before production.

10. <u>Waiver</u>.  At any time, any party or non-party may in person or by counsel waive any right under this Order, including the right to designate information confidential and to preclude disclosure thereof.  Any such waiver must be express and it must be in writing or by a statement made on the record at a deposition or in a court proceeding.

11. <u>Inadvertent Failure to Designate</u>.  If timely corrected, an inadvertent failure to designate Designated Confidential Information does not, standing alone, waive the party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the party receiving the Designated Confidential Information must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

12.     <u>Reservation of Objections</u>.  Nothing in this Order shall be deemed or construed to constitute a waiver of any objection to discovery of any document or information on grounds other than confidentiality, including without limitation the assertion of any privilege.  Nothing in this Order shall affect or impair the right of any party to oppose on any grounds the disclosure of confidential information to persons not designated in paragraph 3e above.

13.     <u>Disposition on termination of this Cause</u>.  After a judgment in or dismissal in or other resolution of this case becomes final and non-appealable, the receiving party's counsel must either (1) destroy all Designated Confidential Information that the party has received from the other party in this litigation, and all copies thereof, as well as all notes, summaries, memoranda, exhibits, other documents, records, or compilations of any Designated Confidential Information or (2) retain such copies, provided, however, that they are kept in a secure and confidential location as part of their file for this matter and their client does not retain any copies of the same. Whether the disclosing counsel or the receiving counsel retains the Designated Confidential Information under the terms set forth above, all Designated Confidential Information shall only be retained for five (5) years after the judgment or settlement becomes final.

14.     <u>Miscellaneous Provisions</u>.

a.      This Order shall be binding on the parties and counsel in the above-captioned case and their employees.  This Order shall also be binding on any non-party signing this Order and their respective counsel, as well as anyone who executes a signed Agreement of Confidentiality.

b.      The parties and non-party signatories hereto stipulate and agree to execute any other documents and take any other action as may be reasonably necessary to further the purposes of this Order.

    c. This Order shall not in any way limit or restrain a party's or non-party's use of its own Designated Confidential Information for any purpose, provided that, if a party or non-party makes any Designated Confidential Information public, such information, and all documents and testimony containing such information, shall no longer be considered Designated Confidential Information under this Order.

Dated: _____         _____

                       Kelly H. Rankin
                       United States Magistrate Judge

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

Civil Action No. 2:22-cv-00221-ABJ

Nadia Zahmoul,

Plaintiff,

v.

NBH Bank, d/b/a Bank of Jackson Hole, a division of NBH Bank,

Defendant.

**AGREEMENT CONCERNING MATERIALS COVERED BY PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION**

      The undersigned hereby acknowledges that he/she has read the Protective Order regarding confidential information entered in this proceeding, understands the terms thereof, agrees to be bound by such terms, and agrees to be subject to the jurisdiction of the above-identified court in all matters relating to said Protective Order.

Dated: _____              _____

                                            Name:  _____
                                                                (printed)

                                          Address:  _____
                                                           _____
                                                           _____